DISSENT MERRITT, Circuit Judge, dissenting. The defendant, Williams, pled guilty to one count of possession of a firearm by a felon and was then sentenced to a mandatory minimum sentence of 15 years under the Armed Career Criminal Act. I do not think that the United States v. Anderson case, 695 F.3d 390 (6th Cir. 2012), relied upon by my colleagues, controls the disposition of this case in light of the intervening case of Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). The only question before us is whether Williams’ Ohio state conviction for “felonious assault” should count as a “violent felony” under the federal Act, defined for purposes of this case as “the use, attempted use, or threatened use of physical force against the person of another.” 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). In my view, a divisible part of the Ohio “felonious assault” statute that Williams pled .guilty to is different from and less serious than the federal -culpability requirement of committing a “violent felony.” The Ohio statute allows punishment for causing “any mental illness ... as would normally require hospitalization or prolonged psychiatric treatment.” Ohio Rev. Code Ann..§ 2901.01(A)(5)(a). Thus under the Ohio statute verbal and other forms of non-physical abuse are covered. We do not know precisely what the conduct that Williams pled guilty to was. . When the prior panel remanded this case to the district court for review, we said clearly: [I]t is possible that a conviction for attempted felonious assault, because it allows for a showing of the broadly defined “serious physical harm” under subsection 2901.01(A)(5), might be obtained without establishing any such physiological impairment, and thus might not “ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another,” as would be required to use the conviction as a prior conviction, under the elements clause. 18 U.S.C. § 924(e)(2)(B)(i). , In re Williams, No. 16-3411, at 3 (6th Cir. Oct. 27, 2016). We also said that the Anderson case in which we had suggested that the Ohio statute met the “physical force” requirement may not apply because “much has changed in the four years since we decided Anderson.” Id. at 4. I agree with the earlier panel of our court that “much has changed” in the interpretation of the mandatory- penalties of the Armed Career Criminal Act since Anderson was decided. The case of Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), intervened. Because divisibility is a “threshold inquiry,” Mathis states that “[t]he first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means.” 136 S.Ct. at 2256. One of the divisible parts may be satisfied, as stated above, by nonphysical abuse. Had the Cqurt applied the Mathis analysis, it would have inquired into how the Ohio legislature defined “serious physical harm.” The statute authorizes punishment for “mental illness,” a type of harm that can be caused without the use of physical force as required by the federal Act. The Anderson majority did not mention or analyze the “mental harm,” as distinguished from the “physical harm,” section of the Ohio statute. Hence the Anderson court did not follow the analytical procedure or reasoning process now established by the Supreme Court in Mathis, “four years” after Anderson, as our earlier panel in this case warned when we remanded Williams’ case to the district court. Like the Anderson court, the district court continued to overlook the Mathis reasoning process. My colleagues are now making the same mistake. I do not understand what they mean by disposing of this case with the conclusion that Williams’ arguments “are nothing more than disagreement with that case [Anderson] on its own terms.” Rather, Williams is arguing that the court below, like Anderson, has not followed the “terms” set out in Mathis, Perhaps this confusion is not surprising because, as Justice Breyer said, the Armed Career Criminal Act creates a “time-consuming legal tangle.” Mathis, 136 S.Ct. at 2264 (Breyer, J., dissenting). Justice Alito agreed and referred to the analytical process simply as a “mess.” Id. at 2269 (Alito, J., dissenting).